FILED
United States Court of Appeals
Tenth Circuit

December 6, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOE LEE YBARRA,

Defendant - Appellant.

No. 11-5036
(D.C. No. 10-CR-00133-GKF-1)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **LUCERO**, and **TYMKOVICH**, Circuit Judges.

---

Defendant-Appellant Joe Lee Ybarra was convicted by a jury of possession

of a firearm and ammunition after former conviction of a felony, possession of

fifty grams or more of methamphetamine with intent to distribute, and possession

of a firearm in furtherance of a drug trafficking crime, all of which the

government charged as occurring "on or about January 15, 2010." He was

sentenced to 180 months followed by eight years' supervised release. Before and

during trial, Mr. Ybarra pursued a motion in limine to exclude evidence that he

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

sold methamphetamine one or two days before the charged offenses; the district court ultimately denied that motion. On appeal, Mr. Ybarra argues that the district court should have excluded the evidence under Rule 403 and/or Rule 404(b), Fed. R. Evid., and that the evidence was not inextricably intertwined with a charged crime. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

The parties are familiar with the facts, and we need not restate them here. Briefly, law enforcement officers executed a search warrant for a Tulsa residence on January 15, 2010, around 9:00 am. Mr. Ybarra was arrested a few blocks away from the house, wearing only a shirt and underwear, after attempting to flee. During a search of the house, officers located a jacket covering 140.52 grams of a mixture containing methamphetamine and a loaded .44 caliber pistol, as well as a pair of pants holding a wallet that contained Mr. Ybarra's driver's license. Based on this evidence, the government obtained a grand jury indictment against Mr. Ybarra including the charges listed previously.

At trial, the government planned to call Sean Lansing, a drug manufacturer and dealer who was not present during the January 15 events, to testify that he had purchased methamphetamine from Mr. Ybarra, once or twice, one or two days before the January 15 raid; and that Mr. Ybarra had brought the methamphetamine to Tulsa from Dallas, Texas. Mr. Ybarra filed a motion in

limine to exclude that testimony, arguing that it was Rule 404(b) evidence of a prior bad act which had not been timely disclosed, and that the evidence should be excluded regardless as unduly prejudicial under Rule 403. The government argued that the evidence was not Rule 404(b) evidence, but rather was "inextricably intertwined" with the charged crime of possession of methamphetamine with intent to distribute, meaning that it was all part of the same action, and also was not unduly prejudicial under Rule 403.

The district court initially reserved decision on the motion in limine, suggesting that evidence of a crime committed on January 14 could fall within the "on or about" language used in charging the crime, rather than being a prior bad act. 3 R. 23. The district court heard Mr. Lansing's proposed testimony outside the presence of the jury and denied Mr. Ybarra's motion in limine, ruling that the testimony was inextricably intertwined with the crime charged. 3 R. 85-86. After trial, the jury convicted Mr. Ybarra on all three counts.

## Discussion

The only issue on appeal is whether the district court erred in denying Mr. Ybarra's motion in limine and admitting the testimony of Mr. Lansing. "We review a district court's evidentiary rulings for an abuse of discretion, considering the record as a whole." United States v. Blechman, 657 F.3d 1052, 1063 (10th Cir. 2011) (internal quotation marks omitted). Under that standard, "[w]e will not

reverse a district court's ruling if it falls within the bounds of permissible choice in the circumstances and is not arbitrary, capricious or whimsical." United States v. Mares, 441 F.3d 1152, 1156 (10th Cir. 2006) (internal quotation marks omitted). Within that analysis, we must determine both whether the evidence falls within Rule 404(b) and whether it should be excluded under Rule 403.

A.   *Rule 404(b)*

Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). But Rule 404(b) does not apply to evidence of other acts when that evidence is intrinsic to the charged crime(s), meaning that the other acts are "inextricably intertwined" with the charged crimes. United States v. Ford, 613 F.3d 1263, 1267 (10th Cir. 2010). Thus, if evidence is "part and parcel of the proof of the offense charged in the indictment," id., Rule 404(b) cannot be the basis for its exclusion.

Mr. Lansing testified that he bought methamphetamine from Mr. Ybarra at least once, and potentially twice, in the day or two preceding the January 15 raid. Given that Mr. Ybarra was charged with possession with intent to distribute methamphetamine "on or about January 15," the district court's ruling is supported by the record. That ruling is further supported by this court's repeated indication that possession with intent to distribute is an ongoing crime. See United States v. King, 632 F.3d 646, 656 (10th Cir. 2011) (citing United States v.

-4-

Trotter, 483 F.3d 694, 702 (10th Cir. 2007) (vacated on other grounds), for the proposition that "possession with intent to distribute" is "an ongoing drug-trafficking crime"); United States v. Rogers, 556 F.3d 1130, 1140 (10th Cir. 2009) (same).  Thus, Mr. Ybarra's alleged prior drug sales were sufficiently intertwined with the charged crime that the district court did not abuse its discretion.

Mr. Ybarra also argues that the district court's refusal to label Mr. Lansing's testimony Rule 404(b) evidence further harmed him because, as a result, he did not receive a limiting instruction regarding that evidence.  However, Mr. Ybarra actually received the only limiting instruction he requested: "You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or crime not charged in the indictment."  1 R. 30.  The district court included the proposed instruction in Instruction #15.  1 R. 138.  We therefore reject this argument.

B.    *Rule 403*

Rule 403 allows a district court to exclude evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.  Mr. Ybarra claims error because the jury could have used evidence that he sold methamphetamine in the past to convict him of the charged crime of possession with intent to distribute

methamphetamine on January 15.  However, as explained previously, Mr. Lansing's testimony was used as direct evidence of Mr. Ybarra's ongoing possession of methamphetamine with intent to distribute.  On these facts, we cannot say that the district court abused its discretion by ruling that the probative value of direct evidence that Mr. Ybarra committed an ongoing drug-trafficking crime was not substantially outweighed by the possible prejudicial effect of that evidence.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge